**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darren Wietecha, | ) No. CV 04-1862 PHX-DGC |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| Dollarhide Financial Group, Inc., Massachusetts Mutual Life Ins. Co., CM Life Ins. Co. and MML Bay State Life Ins. Co., | ) |
| Defendants. | ) |

Defendants Massachusetts Mutual Life Insurance Company, C.M. Life Insurance Company, and MML Bay State Life Insurance Company have filed a series of motions concerning expert discovery. On October 13, 2005, they filed a motion seeking an extension of time to provide expert reports, depose experts, and file dispositive motions. *See* Doc. #28. On the same day, they filed an amended motion seeking the same relief. *See* Doc. #30. On October 28, 2005, they filed a document which appears to be a reply in support of the foregoing motions, but they docketed it as an independent motion. *See* Doc. #36.[1] Defendant Dollarhide Financial Group, Inc. has joined in these motions. *See* Doc. #37.

Counsel are directed to review the Court's Case Management Order (Doc. #19)

---

[1] Counsel are directed to confer with their staff about proper electronic filing procedures to ensure that non-motion filings are not docketed as motions.

1  concerning resolution of discovery issues. The Order specifically states that "[t]he parties
2  shall not file written discovery motions without leave of Court. If a discovery dispute
3  arises, the parties promptly shall contact the Court to request a telephone conference
4  concerning the dispute." Doc. #19, ¶ 6(a). The adequacy of Plaintiff's expert disclosures
5  and the scheduling of expert depositions clearly are discovery matters within this
6  paragraph. Defendants should have contacted the Court prior to filing their three motions.
7       The Court has nonetheless reviewed the motions and concludes as follows:
8       1.    Defendants complain that Plaintiff waited until September 16, 2005, to
9  disclose medical experts and has failed to provide reports from the experts as required by
10 Rule 26(a)(2)(B). Plaintiff suggests in response that the designated experts are treating
11 physicians, a fact not disputed by Defendants. Expert reports under Rule 26(a)(2)(B) are
12 required only for "a witness who is retained or specially employed to provide expert
13 testimony in the case or whose duties as an employee of the party regularly involve giving
14 expert testimony . . . ." The Advisory Committee Notes to the rule make clear that the
15 report requirement does not apply to treating physicians:

16
17
18
19
> The requirement of a written report in paragraph 2(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. *A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.*

20 Fed. R. Civ. P. 26, Adv. Comm. Notes (1993 Amendments) (emphasis added). Thus, to the
21 extent the experts designated by Plaintiff on September 16, 2005, are treating physicians,
22 reports are not required. To the extent the experts identified by Plaintiff are experts other
23 than treating physicians and for whom reports are required, Defendants can move before
24 trial to exclude the experts' testimony for failure to comply with the report requirement by
25 the September 16, 2005 deadline.
26      2.    Once Defendants received the designation of treating physicians as expert
27 witnesses on September 16, 2005, they should have promptly sought to depose such
28

experts. Instead of doing so, Defendants waited until the day before their expert reports were due before filing their motions. Defendants lost a month of time to depose Plaintiff's experts because of this delay.

3. The Court would be justified in denying Defendants' motion because of their disregard of the Court's Case Management Order, their failure to depose Plaintiff's treating physicians, and their delay in seeking relief. Because Defendants' actions apparently were based on a misunderstanding of Rule 26(a)(2)(B), however, the Court will grant Defendants one month – until **December 9, 2005** – to depose the treating physicians identified as expert witnesses by Plaintiff on September 16, 2005. Defendants may file responsive expert reports on or before the close of business on **January 6, 2006**. Plaintiff may depose these experts on or before **January 27, 2006.** Dispositive motions shall be filed on or before **February 10, 2006**. This Order does not change any other deadline in this case, and the parties are advised that the Court does not intend to further extend this schedule.

4. Defendants note in their filings that Plaintiff identified additional expert witnesses after September 16, 2005. To the extent Plaintiff did so, the disclosures are untimely. The Court's Case Management Order required Plaintiff to provide full and complete expert disclosures no later than September 16, 2005. Experts disclosed after this date will not be permitted to testify as experts at trial.

**IT IS HEREBY ORDERED:**

1. Defendants Massachusetts Mutual Life Insurance Company, C.M. Life Insurance Company, and MML Bay State Life Insurance Company's Motion for Extension of Time to Provide Expert Reports, to Depose Experts, and to File Dispositive Motions (Doc. #28) is **granted in part and denied in part** as set forth above.

2. Defendants Massachusetts Mutual Life Insurance Company, C.M. Life Insurance Company, and MML Bay State Life Insurance Company's Amended Motion for Extension of Time to Provide Expert Reports, to Depose Experts, and to File Dispositive Motions (Doc. #30) is **granted in part and denied in part** as set forth above.

3. Defendants Massachusetts Mutual Life Insurance Company, C.M. Life Insurance Company, and MML Bay State Life Insurance Company's Motion for Extension of Time to Provide Expert Reports, to Depose Experts, and to File Dispositive Motions (Doc. #36) is **granted in part and denied in part** as set forth above.

DATED this 9th day of November, 2005.

David G. Campbell
United States District Judge